IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 5 - 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07 - CV - 01855
(To be supplied by the court)

RICHARD REID, Plaintiff,

v.

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 30 2007

GREGORY C. LANGHAM
CLERK

MR R WILEY WARDEN FEDERAL BUREAU of PRISONS

MR A GONZALES UNITED STATES ATTORNEY GENERAL,

MR H WATTS GENERAL COUNSEL FEDERAL BUREAU of PRISONS

_______________,

_______________,

_______________,

_______________,

_______________, Defendant(s).

(List each named defendant on a separate line.)

---

**PRISONER COMPLAINT**

---

(Rev. 1/30/07)

## A. PARTIES

1. RICHARD COLLVIN REID 24079-038 USP ADMAX PO BOX 8500
(Plaintiff's name, prisoner identification number, and complete mailing address)
FLORENCE CO 81226

2. MR RONALD WILEY, WARDEN, USP ADMAX PO BOX 8500
(Name, title, and address of first defendant)
FLORENCE CO 81226
At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No (CHECK ONE). Briefly explain your answer:
HE WAS ACTING UNDER THE GUISE OF FEDERAL LAW

3. MR ALBERTO GONZALES, UNITED STATES ATTORNEY GENERAL, DEPARTMENT OF
(Name, title, and address of second defendant)
JUSTICE, CONSTITUTION AVE + 10TH STATE NW, WASHINGTON DC 20530
At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No (CHECK ONE). Briefly explain your answer:
HE WAS ACTING UNDER THE GUISE OF FEDERAL LAW

4. MR HARRELL WATTS, GENERAL COUNSEL, OFFICE OF GENERAL COUNSEL, B.O.P
(Name, title, and address of third defendant)
CENTRAL OFFICE, 320 1ST STREET NW, WASHINGTON DC 20534
At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No (CHECK ONE). Briefly explain your answer:
HE WAS ACTING UNDER THE GUISE OF FEDERAL LAW

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

   ____ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

   ____ 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

   28 U.S.C 1915

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

In Feburary 2003 I was brought to U.S.P ADMAX at Florence, Colorado after being sentenced to life imprisonment at the Boston, Ma, Federal Court, since my arrival at U.S.P ADMAX I have been regularly denied access to religious services and materials available to other inmates and educational and recreational services available to them and kept in harsher conditions than those which other inmates — including those on the prisons control unit according to what I understand — are subjected to without my conduct since being imprisoned justifying such, also since July 2006 I have been prevented from writing to anyone except my immediate family without just cause, and I have during my whole time at U.S.P ADMAX been denied access to media sources available to other inmates such as T.V channels which broadcast news, and radio stations, and newspapers or magazines. Thus the nature of this case is a request for relief from the restrictions upon me which are used to deny me access to these various things mentioned

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: The Defendants have violated the plaintiffs first (1st) anendment rights in inplamenting special Administrative Measures (S.A.Ms) upon him which deny him access to information and to religious activities

Supporting Facts:

Since my - The plaintiffs - arrival at USP ADMAX I have been subjected to S.A.Ms restrictions which deny me various aspects of my first (1st) anendment rights, These S.A.Ms were initially placed upon me by the United States Attorney General (U.S.A.G) in June 2002 and inplemented by The Bureau of Prison's (B.O.P) as represented by the warden of U.S.P ADMAX Since my arrival in the B.O.P System in feburary 2003, and thereafter continuously inplemented being renewed by the U.S.A.G on a yearly basis. The aspects which these S.A.Ms deny me of in regards to my first (1st) anendment rights are as follows.

1) I have been denied access to news Media which is given to other USP ADMAX inmates such as news Magazines which are available to them via the leisure library - except for one newspaper which is delayed for One (1) Month and from which pages are removed - and T.V channels and radio stations which broadcast news whether they are primarily news channels or not

2) I have been denied phone contact with anyone except my lawyer, my consulate and my Immediate family, and as of July 2006 have been prevented from writing anyone other than Them and certain US Government entities such as the courts aswell.

3) I have been prevented from studying my religion by correspondance course, initially this was done by the warden at USP ADMAX denying me access to arabic Language course and by my mail being delayed for up to Three (3) Month's - which means I would not be able to submit any exam papers on Time -, and as of June 2006 it has been done by denying me writen contact with anyone other than Those Mentioned in paragraph Two (2)

D. Cause of Action

Claim 1 cont

4) I have been prevented from subscribing to religious magazines by having my requests to do so denied by the F.B.I on the grounds of the S.A.M.S upon me

5) I have been denied access to leisure library materials available to other inmates and denied access to adequate reading materials with reading materials available to me having only been updated three or four times in four year whereas the library on other units is rotated for times a year.

6) I have been prevented from performing group prayers in a manner required by my religion

I have challenged these restrictions by filing official complaints to the warden at the institution at which I am housed and to the regional director of the B.O.P and the office of General Counsel, each of these requests were denied thereby making each of the defendants liable as they refused to redress the restrictions upon me and grant me relief in regards to them

2. Claim Two: The Defendants have violated the plaintiffs fifth (5th) amendment rights to Due process and Equal protection

Supporting Facts:

Since my - The plaintiffs - arrival at USP ADMAX I have continuously been subjected to S.A.Ms restrictions with these restrictions having been placed upon me initially in June 2002 by the U.S.A.G without due process and being renewed on a yearly basis without due process by the U.S.A.G and implemented by the B.O.P as represented by the warden at U.S.P ADMAX, furthermore the S.A.Ms deny me equal protection by,

1) preventing me access to T.V channels and radio stations which other inmates are allowed access to and only lose access to as a punitive measure or because of abuse of them.

2) Keeping me in segregated conditions stricter than those to which other inmates are subjected to without giving me any real recourse for having these restrictions removed as the only step down program available to me necessitates that the S.A.Ms remain upon me for at least three years without change - although according to B.O.P policy the S.A.Ms are supposed to be limited to one year - and then if at the end of three years my behaviour justifies such some restrictions may be removed with the S.A.Ms remaining upon me, and as the Administrative Remedy System is more a formality than a means of remedy as is shown by the attached reply of B.O.P General Counsel to Administrative Remedy Appeal # 438446 A1

3) Preventing me from having phone contact with anyone except my Lawyer, my consulate and my immediate family, whereas other inmates are allowed - indeed encouraged - to keep contact with non immediate family and friends as shown by attached copy of inmate rights and responsability, and by denying me as of July 2006 from writing anyone except for my immediate family and those mentioned previously without my having abused my right to write people nor recieving any incident reports or such to justify that

4) Preventing me equal access to reading materials as the leisure library materials available to me have only been increased roughly four times in the past four years whereas the libraries on other units - including the control unit - are rotated every three (3) months so as to give inmates access to different materials on a regular basis, and as I am not allowed access to the main library and to materials which other inmates are given access to.

# D. Cause of Action

[C]laim Two cont

5) Denying me access to correspondence courses so as to study my religion whereas other inmates are encouraged to seek further education while in prison and given access to that

6) Preventing me from subscribing to religious magazines by denying my requests to be able to do so whereas other inmates are allowed to subscribe to whatever magazines they like religious or otherwise except for as where B.O.P policy prevent that such as in the case of pornography and so forth.

I have appealed these various restrictions at the local and national levels to the warden of the institution I am housed at and the B.O.P General Counsel and had each of my appeals rejected thereby making each of the named defendants liable

3. Claim Three: The Defendants have denied the plaintiff his Eighth (8th) amendment rights

Supporting Facts:

Since my - The Plaintiffs - arrival at USP ADMAX I have been subjected to restrictions due to the S.A.Ms upon me, the totality of the restrictions amount to cruel and unusual punishment as they prevent me from access to media source available to other inmates, and to religious practices, and from writing or phoning anyone except for my immediate family and my lawyer and consulate, and by preventing me from access to library materials given to other inmate and keeping me in Segregated conditions without any real means of challenging, this as has all been listed in detail previously, in each of these aspects the U.S. A.G. is liable as he orders the implementation of the S.A.Ms upon me, and the warden at U.S.P ADMAX is liable as he directly oversees the implementation of the S.A.Ms, and the General Counsel is liable as he has upheld the restrictions upon me and refused to grant me relief in regards to them.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: Federal Bureau of Prisons

2. Docket number and court name: 04 1664 Denver Federal Court, A.A. Arraj Courthouse

3. Claims raised in prior lawsuit: That I have been denied rights and privileges given to other inmates and kept in stricter conditions than what they are kept under

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?): Dismissed

5. If the prior lawsuit was dismissed, when was it dismissed and why? Because the check which I sent for filing fees was delayed in the mail thereby causing the case to be thrown out

6. Result(s) of any appeal in the prior lawsuit: None

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?
   ✓ Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? ✓ Yes ___ No (CHECK ONE).

NOTE: I have filed appeals in regards to the SAM's several times including most recently in 2006 + 2007 and am in the process of appealing the latest renewal of the SAMs upon me, however as the S.A.M's are continuous I have filed this case based on the fact that I have previously filed appeals and been denied recourse and have sent copies of relevant papers where available and will also send copies of final result of current appeal if requested once they are available to me

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

I request that the defendants and those subordinate to them be ordered to uphold my constitutional rights which they currently deny me and that I be given the same access to media sources - i.e T.V and radio channels and newspapers and magazines - which is given to other USP ADMAX inmates, and that I be given the same access to reading materials as them, and be allowed to write whoever I wish especially those whom I was able to write to prior to June 2006, and that I be allowed to enrol in correspondance courses so as to study my religion and allowed to associate with other inmates on my unit and be able to perform group prayers in a manner which is prescribed by my religion, and that a program for my removal from the USP ADMAX institution similar to the step down program available to other inmates be set.

Also I request that the court order the defendants to compensate the plaintiff for the hardship which he has faced due to the restrictions placed upon him and the stress and emotional turmoil this has caused him and that this be based on what the court sees as being fit according to the situation

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. ***See*** 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on Aug 24th 2007
(Date)

R. Reed
(Prisoner's Original Signature)

1)

Plantiffs Declaration / Affadavit in Support of civil action

I Richard Colvin Reid am a British Citizen and all of my immediate family (i.e parents and Siblings) and most of my close relatives are British Citizens and live in Britian.

I was arrested on an international flight from Paris-France to Miami-U.S.A in December 2001 and taken into custody in Boston, Ma, U.S.A and placed on administrative segregation for roughly three months during which time I was given access to a radio and was able to talk to other inmates, after this I was removed into total segragation and had my radio taken from me and eventually in June of 2002 SAMs restrictions were placed upon me preventing me from having contact with other inmates and from contact with the media, while allowing me written contact with anyone other than the media, in febuary 2003 I was transfered to U.S.P ADMAX, Florence, Co after being sentenced to a life sentance at the Boston federal Court, the SAMs were still in place and I was placed on a special Housing Unit set up spacifically for S.A.Ms inmates where I have been housed since, at first I was not allowed to speak to the other inmates on the unit at all, however this was later ablidged allowing me to speak only with other SAMs inmates, at the same time I was still able to write whoever I wanted except for the media with the SAMs being renewed on a yearly basis in the Month of June, however in June 2006 I was restricted from writing anyone except for my immediate family, this restriction came into force fully in July 2006 as any mail recieved by the F.B.I whether incoming or outgoing before the renewal of the S.A.Ms was allowed to reach for whom it was intended, herefore effectively I have been denied contact with anyone other than my immediate family since July 2006 with this restriction being upheld in the latest renewal of the S.A.Ms upon me in June 2007, this is on top of the fact that I have been kept in conditions of segregation for over five years and denied many rights and privalges granted to other inmates without my conduct justifying such since being imprisoned, and the fact that my food is subjected to being X-rayed before being given to me, something which only applies to S.A.Ms inmates, all of this and what has been detail in the accompanying papers has caused me to file this case in the hope of recieving redress and having some if not all of the restrictions placed upon

Plaintiffs Declaration/Affidavit cont

removed as there is no sound reason or justification for most of that except if the aim is simply to make life in prison as difficult as possible for me as seems to be the case especially when one looks at the fact that I was allowed to write whoever I wanted for just over four years and then in 2006 I was prevented from that without my conduct justifying that nor my having done anything that could cause that since my arrival at U.S.P ADMAX nor in the period leading up to the renewal of the S.AM in 2006 as can be confirmed by looking at my prison record

Therefore I request that the court grant the relief sought taking into account everything which has been mentioned in the previous pages

R. Reid

Richard Colvin Reid

Exhibits 1a

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: REID RICHARD C (LAST NAME, FIRST, MIDDLE INITIAL) 24079 038 (REG. NO.) H (UNIT) FLORENCE ADX (INSTITUTION)

**Part A—REASON FOR APPEAL** According to CFR 28 541.12 inmates have the "right" to a wide range reading materials for educational purposes and own enjoyment. and according to CFR 28 544.100-101 the library should provide access to periodical's, newspaper's, fiction non fiction and reference books. These statement's apply equally to all inmate as shown by CFR28, 551.90 which say's "staff may not discriminates between inmates when making administrative descisions and in providing access to work, housing and program's" However in regard's to this statement inmates on H unit have not been given the same opportunies given to other inmates in this institution's in regards to library access. Namely inmates on other unit are given access to a central library which has roughly 5000 books and a selection of periodicals while inmate on H unit are given access

DATE | SIGNATURE OF REQUESTER

**Part B—RESPONSE** only to a selection of roughly 200 books and we are given no access to periodicals. This is clear discrimination as we are not been given equal access to "programs" as that given to other inmates. Therefore I request to be allowed full access to the central library - except for such materials as covered in the SAM's upon me -. R. Reid Aug 31st 2003.

DATE

ORIGINAL: RETURN TO INMATE SEP 10 [illegible]

GENERAL COUNSEL

CASE NUMBER: 302475-A1

**Part C—RECEIPT**

CASE NUMBER:

Return to: LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN

16

**Administrative Remedy No. 302475-A1**
**Part B - Response**

You appeal the Warden's response to your Request For Administrative Remedy in which you request full access to reading materials in the Leisure Library or that a wider range of materials be made available.

In accordance with Special Administrative Measures imposed by the Attorney General, you will not be given access to any items which other inmates have access. This is to prevent you from passing messages/information from inmate to inmate. Your appeal is denied.

December 9, 2003
Date

Harrell Watts, Administrator
National Inmate Appeals

2a

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: REID RICHARD C — 24079-038 — H — FLORENCE ADX
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A—REASON FOR APPEAL** According to BOP Policy inmates are to be treated without discrimination in recieving access to programs, housing, etc also according to BOP lose of T.V privileges is a punitive measurement implement for breach of BOP rules, I have also read PS 5370.10 Recreation Programs, and the only restriction's placed therein on T.V access is that no 'R' rated or above movies be shown, furthermore according to B.O.P central office in washingt I'm allowed access to all T.V channels except those which primarily broad-cast news - See attached response to earlier remedy appeal No 294424 - Therefore my being denied access to such channel which do not ~~broadcast~~ primarily broadcast news is not only contraty to general B.O.P policy it is also discriminative as the general populace on lose access to such

DATE — SIGNATURE OF REQUESTER

**Part B—RESPONSE** privalises as a punitive measure and this policy applies even to those on control units and other high security units. R. Reid 20 Oct 2003.

RECEIVED
OCT 23 2003

NOV 18 2003

ATTACHED RESPONSE

DATE — REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE — CASE NUMBER: 312631-R1

**Part C—RECEIPT**

CASE NUMBER: ______

Return to: ______
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT: ______

USP LVN DATE — Previous editions not usable — SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

26

Department of Justice
Federal Bureau of Prisons
North Central Regional Office

Regional Administrative Remedy Appeal
Part B - Response

**Name:** REID, Richard
**Register Number:** 24079-038
**Admin Remedy Number:** 312631-R1

This is in response to your Regional Administrative Appeal in which you are requesting access to all television channels except those which primarily broadcast the news as indicated in the Special Administrative Measures (SAMs) imposed by the Attorney General.

We have reviewed your appeal and determined this issue has been responded to in Administrative Remedy 294424-R1 and Administrative Remedy 298910-R1. You currently have access to television channels which are in compliance with SAMs guidelines.

Based on the above information, this response is for informational purposes only.

11/14/03
Date

for G. L. HERSHBERGER, Regional Director

Department of Justice
Federal Bureau of Prisons
North Central Regional Office

Regional Administrative Remedy Appeal
Part B - Response

---

**Name:** REID, Richard Colvin
**Register Number:** 24079-038
**Admin Remedy Number:** 304335-R1

---

This is in response to your Regional Administrative Appeal in which you request to be permitted to associate with other inmates on your unit based on your positive conduct while incarcerated.

We have reviewed your appeal and find that the Warden's response thoroughly addresses your concerns. Permitting you to associate with other inmates in your unit would be a violation of the Special Administrative Measures (SAMs) imposed by the United States Attorney General. Although your positive adjustment is favorable, it does not negate the measures imposed as noted above.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

8/20/03
Date

G. L. HERSHBERGER, Regional Director

9-3-03
Copy response provided
to inmate
Unit Manager



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
OFFICE OF THE CLERK

GREGORY C. LANGHAM
CLERK OF COURT

Room A-105
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, Colorado 80294
Phone(303) 844-3433
www.cod.uscourts.gov

This is the best quality copy of the following document.

Clerks Office
United States District Court

49

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: REID RICHARD C. — 24071-038 — H — FLORENCE ADX
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A—REASON FOR APPEAL** I've been denied various aspects of my so called First amend- and Fifth amendment rights, namely I've been denied access to all news [illegible] one news paper and I've been denied equal access to library and educational materials and religious materials. namely I've been denied access to all arabic language Islamic books and I've been prevented from speaking to the [illegible] I've been prevented from speaking to blood relatives such as aunts and uncles by phone — also I've been denied privileges given to all inmates except [illegible] those who are under sanctions for breaches of BOP policy which is contrary to my right to equal treatment and my right to due process as my rights to be protected from double jeopardy. I therefore request that my right be upheld and that I not be punished or loss of privileges unless I break BOP policy and until then [illegible]

March 18th 2004 — [signature]
DATE — SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
MAR 24 2004
GENERAL COUNSEL

DATE — GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE — CASE NUMBER: 319192 A2

**Part C—RECEIPT**

CASE NUMBER: ____

Return to: ____
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT: ____

DATE — SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

4B

**Administrative Remedy No. 319192-A2**
**Part B - Response**

You contend you have been denied access to news media except for one newspaper; equal access to library, religious and educational material; contact with blood relatives and other privileges afforded other inmates.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. The Attorney General of the United States has directed, pursuant to 28 C.F.R. § 501.3, that special administrative measures be implemented to restrict your access to the mail, media, telephone and visitors. These measures have been imposed because there is a substantial risk that your communications or contacts with persons could result in death or serious bodily injury to persons.

Your appeal is denied.

May 21, 2004
Date

Harrell Watts, Administrator
National Inmate Appeals

5a



**U.S. Department of Justice**
Federal Bureau of Prisons

*United States Penitentiary,*
*Administrative Maximum*

*Florence, CO 81226*

November 3, 2006

MEMORANDUM FOR  H UNIT INMATE POPULATION

FROM:            R. Wiley, Warden

SUBJECT:         **H-Unit Step Down Program**

Beginning January 1, 2007, inmates assigned to the Special Security Unit will have the opportunity to receive increased privileges via a three-step program.  All inmates will begin in Phase One of this program.  Progression through each phase will be upon the recommendation of the H Unit Review Committee(HRC).

**Phase One** -  An inmate in Phase One of the step-down program would be housed on the B-side, Ranges 3 and 4, of the unit under the SAMs restrictions as originally imposed upon him and will be allowed two social phone calls per month.  Inmates must complete one year of clear conduct in this phase before receiving consideration for phase two of the program.

**Phase Two** - An inmate in phase two of the step-down program would be housed on the A-side, Range 2, under the SAMs restrictions as originally imposed.  These inmates will be allowed three social telephone calls per month, expanded commissary list, additional recreation time and will be allowed to proceed to the showers on their respective range, unescorted, 5 times a week(M-F).  Inmates must complete one year of clear conduct in this phase before receiving consideration for phase three of the program.

Once an inmate has reached eligibility for phase three and has demonstrated positive behavior and interaction with staff.  The HRC will make the request to the Office of General Counsel (OGC) for that inmate's SAMs to be modified as needed, so that he may progress to phase three.  Advancement to phase three will be dependent upon receipt of requested SAMs modifications.

**Phase Three**- An inmate in phase three of the step-down program would be housed on the A-side Range 1 of the unit and would be allowed additional newspapers and periodicals, radio and television stations, could engage in group eating and share a

common area in the cell block for a certain period of time per week. He would also receive three social telephone calls per month, and additional recreation time.

Consideration for advancement to Phases Two and Three includes, but is not limited to, safety concerns, length of sentence, disciplinary record, history of assaultive/disruptive behavior, and escape potential. Also sanitation, willingness to participate in or cooperate with institutional programs and procedures, interaction with other inmates as well as positive rapport with staff are elements that will be used to evaluate placement in each phase. Advancement to Phases Two and Three will not be automatic, but will be determined by the HRC.

Inmates may be removed from Phases Two or Three and returned to a preceding step, if found guilty of committing a prohibited act by the UDC or DHO. Additionally, inmates may be removed from Steps Two or Three for administrative reasons should it be determined an inmate's readiness to progress through the Step Program is unsatisfactory, or he has no participation in education or psychology programs once he has been in the program for a measurable period of time.

Please refer to your unit team with any questions regarding this program.

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Admin Remedy Number:** 419164-R1

---

This is in response to your Regional Administrative Remedy Appeal dated July 19, 2006, in which you contend the most recent modifications of your Special Administrative Measures (SAMs) pertaining to limitations on social correspondence are more restrictive. You request the latest modifications be removed.

We have reviewed your appeal. The U.S. Attorney General may impose special administrative measures if there is a substantial risk that a prisoner's communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons. These special administrative measures ordinarily may include housing the inmate in administrative detention and/or limiting certain privileges, including, but not limited to, correspondence, visiting, interviews with representatives of the news media, and use of the telephone, as is reasonably necessary to protect persons against the risk of acts of violence or terrorism. While the Bureau of Prisons neither imposes nor rescinds SAMs, it implements the restrictions contained within and accommodates specific requests relating to the restrictions.

The U.S. Attorney General has determined this particular special administrative measure is necessary. As you have provided no information to support your request for removal of the limitation on social correspondence, the restriction will not be removed or modified at this time.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

8-24-06
Date

Michael K. Nalley, Regional Director

U.S. Department of Justice

79

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: REID RICHARD C — 24071-038 — H — FLORENCE ADX
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A - REASON FOR APPEAL** The SAM upon me imposes sanctions which infringe on so called "basic rights" which are supposed to be afforded to me under the U.S. constitution by denying me access to media and to freedom of information - such as studying my religion by correspondence course - and preventing me from writing anyone except for my immediate family and as it was placed upon me without due process and denies me priviliges which are only denied to other B.O.P inmates for infringments of B.O.P rules, therefore I request that the SAM either be totally removed or be adjusted so as to provide me with the rights which are currently denied me and the least I request in this regard is that I be allowed to write people other than my immediate family as I was previously allowed to do so without this ever leading to anything which justifies my being prevented from such now

March 7th 2007
DATE

[signature]
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

MAR 19 2007

Administrative Remedy Section
Federal Bureau of Prisons

DATE

GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 438446-A1

**Part C - RECEIPT**

CASE NUMBER:

Return to:
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT:

DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

76

Attachment

Richard Reid 24049-038
H UNIT B101

Addresses of those people whom I wish to be able to write and whom I was previously allowed to do so and currently cannot because of new Sam restrictions

1) Mr M.A. Khan 45 Albacore Crescent London SE13 7HW UK

2) Ms L Massengill Po Box 52 Bailey NC 27807

3) Ms M Reid 5 Mollot CT Wolara ST Kennington London SE11 6UD UK

4) Ms J Deven 18 The Ceders Eighton Banks Gateshead NE9 7BW UK

5) Ms Carolyn Hughes 43 Cloisters Rd Lecthworth Hertfordshire S46 3JR UK

7c

**Administrative Remedy No. 438446-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you contend the Special Administrative Measures (SAMs) prevent you from exercising your basic rights, such as contacting the media, receiving information to study your religion via a correspondence course, and corresponding with more than only your immediate family. You request the SAMs be removed or modified.

As you have been made aware, the authority for the action is derived from Title 28, Code of Federal Regulations § 501.3. As per this regulation, the Attorney General may impose SAMs if there is substantial risk that a prisoner's communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons. A hearing prior to imposition is not required. They are restrictions to ensure your communications do not place the safety or security of the public, other inmates, or staff at risk. The continued need of the restriction is reviewed annually by the Attorney General, and will remain in place until it is deemed no longer necessary.

In regard to your request to correspond with individuals outside of your immediate family, and in regard to correspondence courses, discuss these issues with the unit team. They may be able to assist you with these issues after consultation with other appropriate entities.

You may object to the provisions of the SAMs, but as the Warden appropriately advised you, the Bureau merely informs you of the requirements of the SAMs, and ensures the measures are followed. We can assist in obtaining modifications of the SAMs when appropriate. The continued need of the restriction is reviewed annually by the Attorney General (AG), and will remain in place until the AG determines they are no longer necessary.

We therefore concur with the responses provided. Accordingly, your appeal is denied.

May 16, 2007
Date

Harrell Watts, Administrator
National Inmate Appeals



49

**U.S. Department of Justice**
Federal Bureau of Prisons

*United States Penitentiary*
*Administrative Maximum*

*Office of the Warden* *Florence, CO 81226*

June 19, 2007

MEMORANDUM FOR RICHARD C. REID, REGISTER NUMBER 24079-038

FROM: R. Wiley, Warden

SUBJECT: **Notification of Extension of Special Administrative Measures**

Pursuant to 28 C.F.R. § 501.3, special administrative conditions were implemented regarding your confinement. The Bureau of Prisons (BOP) adopted these special administrative conditions based on information of your proclivity for violence. These special administrative measures (SAM) are extended for an additional one year period. This SAM will commence immediately upon expiration of the prior SAM authorization period and will be in effect for a period of one (1) year, subject to any further direction.

1. <u>General Provisions:</u>

   a. **Adherence to Usual United States Marshals Service (USMS), Bureau of Prisons (BOP) and Detention Facility (DF) Policy Requirements** - In addition to the below listed SAM, you must comply with all usual USMS, BOP, and non-BOP DF policies regarding restrictions, activities, privileges, communications, etc. If there is a conflict between USMS/BOP/DF policies and the SAM, as set forth herein, where the SAM is more restrictive than usual USMS/BOP/DF policies, then the SAM shall control. If usual USMS/BOP/DF policies are more restrictive than the SAM, then USMS/BOP/DF policies shall control.

   b. **Interim SAM Modification Authority** - During the term of this directive, the Director, Office of Enforcement Operations (OEO), Criminal Division, may modify your SAM as long as any SAM modification authorized by OEO:

i. Does not create a more restrictive SAM;

ii. Is not in conflict with the request of the U.S. Attorney for Massachusetts (USA/MA), Federal Bureau of Investigation (FBI), or USMS/BOP/DF, or applicable regulations; and

iii. Is not objected to by the USA/MA, FBI, or USMS/BOP/DF.

c. **Inmate Communications Prohibitions** - You are limited, within USMS/BOP/DF's reasonable efforts and existing confinement conditions, from having contact (including passing or receiving any oral, written, or recorded communications) with any other inmate, visitor, attorney, or anyone else except as outlined and allowed by this document that could reasonably foreseeably result in your communicating information (sending or receiving) that could circumvent the SAM's intent of significantly limiting your ability to communicate (send or receive) terrorist information.

The USMS/BOP/DF may permit you to communicate with other SAM inmates orally only during certain predesignated times, the place and duration to be set by the USMS/BOP/DF. You shall not have any physical contact with other inmates during this predesignated time and all such predesignated sessions will be monitored and/or recorded. Upon request of the FBI, a copy of the recording will be provided by the USMS/BOP/DF to the FBI to be analyzed for indications that you are attempting to pass messages soliciting or encouraging acts of terrorism, violence, or other crimes.

2. <u>**Attorney/Client Provisions:**</u>

a. **Attorney[1] Affirmation of Receipt of the SAM Restrictions Document** - Your attorney (or counsel) - individually by each if more than one - must sign an affirmation acknowledging receipt of the SAM restrictions document, except where such affirmation is excused, precluded, or barred by judicial determination. By signing the affirmation, the attorney acknowledges his/her awareness and understanding of the SAM provisions and his/her agreement to abide by these provisions, particularly those that relate to contact between

---

[1] The term "attorney" refers to the inmate's attorney of record, who has been verified and documented by the USA/MA, and who has received and acknowledged receipt of the SAM restrictions document. As used in this document, "attorney" also refers to more than one (1) attorney where the inmate is represented by two (2) or more attorneys, and the provisions of this document shall be fully applicable to each such attorney in his/her individual capacity.

ii. The USA/MA may authorize additional documents to be presented to you. If any document not listed or described above needs to be transmitted to you, consent for the transmission of the document can be obtained from the USA/MA without the need to formally seek approval for an amendment to the SAM.

h. **Legal Mail** - Your attorney may not send, communicate, distribute, or divulge your mail, or any portion of its contents (legal or otherwise), to third parties.[5]

In signing the SAM acknowledgment document, your attorney and precleared staff will acknowledge the restriction that only your case-related documents will be presented to you, and neither your attorney nor his/her staff will forward third-party mail to or from you.

3. **Inmate's Nonlegal Contacts:**

a. **Nonlegal Telephone Contacts -**

i. You are limited to nonlegal telephone calls only to your immediate family members.[6]

ii. The quantity and duration of your nonlegal telephone calls with your immediate family members shall be set by the USMS/BOP/DF, with a minimum of one call per month, unless otherwise agreed upon by USMS/BOP/DF/FBI and USA/MA to allow more calls.

b. **Rules for Telephone Calls** - For all nonlegally privileged telephone calls or communications, no telephone call/communication, or portion thereof:

i. Is to be overheard by a third party.[7]

---

[5] Legal Mail is defined as properly marked correspondence (marked "Legal Mail") addressed to or from the inmate's attorney of record. All other mail, including that otherwise defined by the USMS/BOP/DF as Special Mail, shall be processed as "non-egal mail."

[6] The inmate's "immediate family members" are defined as the inmate's (USMS/BOP/DF, FBI-verifiable), spouse, natural children, parents, and siblings.

[7] For purposes of the SAM, "third-party" does not include officials of the USMS/BOP/DF/ FBI and DOJ or other duly authorized federal authorities when monitored in connection with their official duties. This section does not allow monitoring of attorney/client communications.

ii. Is to be patched through, or in any manner forwarded or transmitted, to a third party.

iii. Shall be divulged in any manner to a third party.

iv. Shall be in any manner recorded or preserved.[8]

All telephone calls shall be in English unless a fluent FBI/USMS/BOP/DF-approved translator is available to contemporaneously monitor the telephone call. Arranging for a translator may require at least fourteen (14) days advance notice.

c. **Telephone SAM Restriction Notifications** - For all nonlegal telephone calls to your immediate family member(s):

i. The USMS/BOP/DF shall inform you of the telephone SAM restrictions prior to each telephone call.

ii. The USMS/BOP/DF shall verbally inform your immediate family member(s) on the opposite end of your telephone communication of the telephone SAM. The USMS/BOP/DF is only required to notify your communication recipient in English.

iii. The USMS/BOP/DF shall document each such telephone notification.

d. **Family Call Monitoring** - All calls with your immediate family member(s) shall be:

i. Contemporaneously monitored by the FBI.

ii. Contemporaneously recorded (as directed by the FBI) in a manner that allows such telephone calls to be analyzed for indications the call is being used to pass messages soliciting or encouraging acts of violence or other crimes, or to otherwise circumvent the SAM.

iii. A copy of each inmate/immediate family member telephone call recording shall be provided by the USMS/BOP/DF on a single, individual cassette tape (per call) for forwarding to the FBI. These recordings shall be forwarded on a call-by-call basis as soon as practicable.

---

[8]Except by USMS/BOP/DF/FBI/DOJ or other duly authorized federal authorities.

8e

e. **Improper Communications** - If telephone call monitoring or analysis reveals that any call or portion of a call involving you contains any indication of a discussion of illegal activity, the soliciting or encouraging of acts of violence or terrorism, or actual or attempted circumvention of the SAM, you shall not be permitted any further calls to your immediate family members for a period of time to be determined by the USMS/BOP/DF. If contemporaneous monitoring reveals such inappropriate activity, the telephone call may be immediately terminated.

f. **Nonlegal Visits** -

i. **Limited Visitors** - You shall be permitted to visit only with your immediate family members. The visitor's identity and family member relationship to you will be confirmed by the USMS/BOP/DF and FBI in advance.

ii. **English Requirement** - All communications during nonlegal visits will be in English unless a fluent FBI, USMS/BOP/DF-approved translator is readily available to contemporaneously monitor the communication/visit.

iii. **Visit Criteria** - All nonlegal visits will be:

(1) Contemporaneously monitored by the USMS/BOP/DF and/or FBI, in a manner that allows such visits to be analyzed for indications the visit is being used to pass messages soliciting or encouraging acts of violence or other crimes, or to otherwise attempt to circumvent the SAM.

(2) Permitted only with a minimum of fourteen (14) calendar days advance written notice to the USMS/BOP/DF facility where you are housed.

(3) Without any physical contact. All such meetings shall be noncontact to protect against harm to visitors or staff should you attempt to take hostages.

(4) Limited to one (1) adult visitor at a time. However, your FBI-verified children may visit with a pre-approved adult visitor.

g. **Nonlegal Mail** - Any mail not clearly and properly addressed to/from your attorney and marked "Legal Mail" (incoming or outgoing). Nonlegal mail is limited to only your immediate family, U. S. courts, federal judges, U. S. Attorneys' Offices, members of U. S. Congress, BOP, other federal law enforcement entities, and, if you are a citizen of a foreign country, a verified consular representative of that country.

81

i. **General correspondence with limitations:** correspondence is restricted to only immediate family members. Volume and frequency of outgoing general correspondence with immediate family members only may be limited to three (3) pieces of paper (not larger than 8 1/2 x 11), double-sided, once per calendar week to a single recipient, at the discretion of the USMS/BOP/DF. The identity and family member relationship to you will be confirmed by the USMS/BOP/DF and FBI.

ii. **General correspondence without limitations:** correspondence to U. S. courts, federal judges, U. S. Attorneys' Offices, members of U. S. Congress, BOP, and other federal law enforcement entities. There is no volume nor frequency limitation on mail to/from these parties unless there is evidence of abuse of these privileges, threatening correspondence is detected, circumvention of the SAM is detected, or the quantity to be processed becomes unreasonable to the extent that efficient processing to protect the security, good order or discipline of the institution, the public, or national security may be jeopardized.

iii. All nonlegal mail will be:

(1) **Copied** - Shall be copied (including the surface of the envelope) by the warden, or his/her designee, of the facility in which you are housed.

(2) **Forwarded** - Shall be forwarded, in copy form, to the location designated by the FBI.

(3) **Analyzed** - After government analysis and approval, if appropriate, your incoming/outgoing nonlegal mail will be forwarded: 1) to the USMS/BOP/DF for delivery to you (incoming); or 2) directly to the addressee (outgoing).

(4) The Federal Government will forward your nonlegal mail to the USMS/BOP/DF for delivery to you or directly to the addressee after a review and analysis period of:

(a) A reasonable time not to exceed fourteen (14) business days for mail which is written entirely in the English language.

(b) A reasonable time not to exceed sixty (60) business days for any mail which includes writing in any language other than English, to allow for translation.

(c) A reasonable time not to exceed sixty (60) business days for any

89

mail where the Federal Government has reasonable suspicion to believe that a code was used, to allow for decoding.

iv **Mail Seizure** - If outgoing/incoming mail is determined by the USMS/BOP/DF/FBI to contain overt or covert discussions of or requests for illegal activities, the soliciting or encouraging of acts of violence or terrorism, or actual or attempted circumvention of the SAM, the mail shall not be delivered/forwarded to the intended recipient but referred to the FBI for appropriate action. You shall be notified in writing of the seizure of any mail.

4. **Communication With News Media:** You will not be permitted to talk with, meet with, correspond with, or otherwise communicate with any member or representative of the news media, in person, by telephone, by furnishing a recorded message, through the mail, through your attorney, through a third party, or otherwise.

5. **No Group Prayer:**

   a. You shall not be allowed to engage in group prayer with other inmates.

   b. If an FBI and/or USMS/BOP/DF-approved religious representative is to be present for prayer with you, the prayer shall be conducted as part of a contact or noncontact visit, at the discretion of the USMS/BOP/DF.

6. **No Communal Cells and No Communication Between Cells:**

   a. You shall not be allowed to share a cell with another inmate.

   b. You shall be limited within the USMS/BOP/DF's reasonable efforts and existing confinement conditions, from communicating with any other inmate by making statements audible to other inmates or by sending notes to other inmates, except as permitted in Section 1(c)(i) above.

7. **Recording Conversations Between Cells:**

   a. The USMS/BOP/DF/FBI are hereby authorized to place microphones in the hallways and elsewhere outside your cell to record any statements made by you to other inmates or staff.

   b. The Notice of SAM given to you shall notify you that you are subject to such recording.

8. **Cellblock Procedures:**

   a. You shall be kept separated from other inmates as much as possible while in the cellblock area.

   b. You shall be limited, within the USMS/BOP/DF's reasonable efforts and existing confinement conditions, from communicating with any other inmate while in the cellblock area.

9. **Commissary Privileges:** The USMS/BOP/DF shall restrict access to commissary items or any other objects determined by the USMS/BOP/DF to be capable of being converted into dangerous instruments.

10. **Access to Mass Communications:** To prevent you from receiving and acting upon critically-timed information or information coded in a potentially undetectable manner, your access to materials of mass communication is restricted as follows:

    a. **Periodicals/Newspapers** -

       i. You may have access to publications determined not to facilitate criminal activity or be detrimental to national security; the security, good order or discipline of the institution; or the protection of the public. This determination is to be made by the FBI, in consultation with the USMS/BOP/DF and USA/MA.

       ii. Sections of the periodical/newspaper which offer a forum for information to be passed by unknown and/or unverified individuals, including but not limited to classified advertisements and letters to the editor, should be removed from the periodicals/newspapers prior to distribution to you.

       iii. You shall then have access to the remaining portions of the periodicals/newspapers in accordance with the USMS/BOP/DF policy, after a delay of at least thirty (30) days. In accordance with subparagraph 3g above, the FBI will review the remaining portions of the publications prior to distribution to you and be responsible for any translations required.

       iv. In order to avoid passing messages/information from inmate to inmate, you shall not be allowed to share the publication(s) with any other inmate.

    b. **Television and Radio** - You are restricted from access to channels/stations which primarily broadcast news, but are permitted access to all other radio and television channels/stations, in accordance with the USMS/BOP/DF policies.

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

9/9

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: REID RICHARD C — 24079-038 — H — FLORENCE ADX
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A- INMATE REQUEST** The SAMs upon me deny me various rights which I am supposed To afforded under The constitution of The United States by denying me access to information, and preventing me from writing any one except my immediate family, and preventing from phoning anyone but Them, and denying me access to T.V channels and radio stations available to other inmates and other issues That other inmate are only denied for punitive reasons I Therefore request That The SAM be removed/or reviewed so as To provide me with The rights which I am currently denied and The least I ask in This regards is That I been able to write people other Than my immediate family and be given access to T.V channels which are currently denied me which are available to other inmate.

July 2nd 2007 — DATE

R. Reid — SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
JUL 02 2007
ADX Warden's Office

SEE ATTACHED RESPONSE

DATE — WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE — CASE NUMBER: 458363-F1

CASE NUMBER: ______

**Part C- RECEIPT**

Return to: ______
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT: ______

DATE — RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

**BP-229 RESPONSE** **Case Number: 458363-F1**

**Name: REID, Richard** **Register Number: 24079-038**

Your Request for Administrative Remedy dated July 2, 2007, and received in this office on July 2, 2007, has been reviewed. In your request, you state your Special Administrative Measures (SAM) are denying you access to your family and access to television and radio stations. You request the SAM be reviewed or removed.

A review of the issue raised in your Request for Administrative Remedy has been conducted. The results of the review revealed the United States Attorney General determined there is a substantial risk that your communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons. As a result, pursuant to 28 C.F.R. § 501.3, a Special Administrative Measure (SAM) has been implemented in order to restrict your access to the mail, the media, the telephone, and visitors. Your SAM was recently reviewed, and because you still pose a threat to national security, your SAM was extended for one year effective June 18, 2007.

Accordingly, your Request for Administrative Remedy is for informational purposes only. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

R. Wiley, Warden

JUL 1 3 2007

Date

CHAPTER 3

INMATE RIGHTS AND RESPONSIBILITIES §541.12

**RIGHTS**

1. You have the right to expect that as a human being you will be treated respectfully, impartially, and fairly by all personnel.

2. You have the right to be informed of the rules, procedures, and schedules concerning the operation of the institution.

3. You have the right to freedom of religious affiliation, and voluntary religious worship.

4. You have the right to health care, which includes nutritious meals, proper bedding and clothing, and a laundry schedule for cleanliness of the same, an opportunity to shower regularly, proper ventilation for warmth and fresh air, a regular exercise period, toilet articles and medical and dental treatment.

5. You have the right to visit and correspond with family members, and friends, and correspond with members of the news media in keeping with Bureau rules and institution guidelines.

6. You have the right to unrestric- and confidential access to the courts by correspondence (on matters such as the legality of your conviction, civil matters, pending criminal cases and [illegible]

**RESPONSIBILITIES**

1. You have the responsibility to treat others, both employees and inmates, in the same manner.

2. You have the responsibility to know and abide by them.

3. You have the responsibility to recognize and respect the rights of others in this regard.

4. It is your responsibility not to waste food, to follow the laundry and shower schedule, maintain neat and clean living quarters, to keep your area free of contraband, and to seek medical and dental care as you may need it.

5. It is your responsibility to conduct yourself properly during visits, not to accept or pass contraband, and not to violate the law or Bureau rules or institution guidelines through your correspondence.

6. You have the responsibility to present honestly and fairly your petitions, questions and problems to the court.

106

Attachment C
Page 3.

| RIGHTS | RESPONSIBILITIES |
| --- | --- |
| 7. You have the right to legal counsel from an attorney of your choice by interviews and correspondence. | 7. It is your responsibility to use the services of an attorney honestly and fairly. |
| 8. You have the right to participate in the use of law library reference materials to assist you in resolving legal problems. You also have the right to receive help when it is available through a legal assistance program. through a legal assistance program. | 8. It is your responsibility to use these resources in keeping with the procedures and schedule prescribed and to respect the rights of other inmates to the use of the materials and assistance. |
| 9. You have the right to a wide range of reading materials for materials for educational purposes and for your own enjoyment. These materials may include magazines and newspapers sent from the community, with certain restrictions. | 9. It is your responsibility to seek and utilize such materials for your personal benefit, without depriving others of their equal rights to the use of this material |
| 10. You have the right to participate in education, vocational training and employment as far as resources are available, and in keeping with your interests, needs, and abilities. | 10. You have the responsibility to take advantage of activities which may help you live a successful and law-abiding life within the institution and in the community. You will be expected to abide by the regulations governing the use of such activities. |
| 11. You have the right to use your funds for commissary and other purchases, consistent with institution security and good order, for opening bank and/or savings accounts, and for assisting your family. | 11. You have the responsibility to meet your financial and legal obligations, including, but not limited to, court-imposed assessments, fines, and restitution. You also have the responsibility to make use of your funds in a manner consistent with your release plans, your family needs, and for other obligations that you may have. |