Civil Case No. 07-cv-01855-REB-KMT

RICHARD REID,

    Plaintiff,

v.

MR. R. WILEY, Warden, Federal Bureau of Prisons,
MR. A. GONZALES, United States Attorney General, and
MR. H. WATTS, General Counsel Federal Bureau of Prisons,

    Defendants.

## ORDER ADOPTING IN PART RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

    The matters before me are (1) the **Amended Recommendation of United States Magistrate Judge** [#68], filed August 21, 2008; and (2) plaintiff's **Objection to Magistrate Judge's Recommendation To Dismiss All Claims** [#71], filed August 28, 2008. I approve and adopt the recommendation in part, reject it in part, and sustain plaintiff's objection insofar as it challenges aspects of his First Amendment free exercise claim.

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which cognizable objections have been filed, and have considered carefully the recommendation, the objections, and the applicable case law. In addition, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).

The recommendation is detailed and well-reasoned. Plaintiff's objections are largely without merit. Nevertheless, I cannot adopt the magistrate judge's recommendation that plaintiff's First Amendment free exercise claim be dismissed in its entirety because plaintiff has failed to allege with specificity what religion he practices. Plaintiff, who is proceeding *pro se*, averred in his response to the motion to dismiss that he is a Muslim. It is a well-known fact that he is incarcerated at ADX specifically because he committed highly publicized acts of terrorism connected with groups professing to espouse that religion.[1] Although the court generally has discretion to decline to consider matters not specifically alleged in the pleadings, I find it would be an abuse of that discretion to dismiss plaintiff's free exercise claim in this particular instance. Instead, plaintiff should be given the opportunity to replead to attempt to assert a viable claim, if he can.

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted, except insofar as they recommend dismissal of plaintiff's First Amendment free exercise claim.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Amended Recommendation of United States Magistrate Judge** [#68], filed August 21, 2008, is **APPROVED AND ADOPTED** as an order of this court, except insofar as it recommends that plaintiff's First Amendment free exercise claim be

---

[1] Indeed, the first substantive paragraph of defendants' brief recounts how plaintiff "declared his continuing allegiance to Osama Bin Laden[.]" (**Partial Motion To Dimiss** at 1 [#35], filed February 7, 2008.)

dismissed;

2. That plaintiff's **Objection to Magistrate Judge's Recommendation To Dismiss All Claims** [#71], filed August 28, 2008, is **SUSTAINED IN PART** to the extent it implicates his First Amendment free exercise claim;

3. That plaintiff's objections as stated in his **Objection to Magistrate Judge's Recommendation To Dismiss All Claims** [#71], filed August 28, 2008, are **OVERRULED** otherwise;

4. That defendants' **Partial Motion To Dismiss by Official Capacity Defendants** [#35], filed February 7, 2008, is **GRANTED IN PART** and **DENIED IN PART**;

5. That the motion is **DENIED** with respect to plaintiff's First Amendment free exercise claim;

6. That the motion is **GRANTED** in all other respects;

7. That plaintiff's claims against defendants in their official capacities for violation of his rights to due process and equal protection under the Fifth Amendment and his claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment are **DISMISSED WITH PREJUDICE**; and

8. That plaintiff **SHALL FILE** an amended complaint in accordance with this Order by no later than **October 20, 2008**.[2]

---

[2] Defendant has withdrawn his claims against defendants Wiley and Watts in their individual capacities. (*See* **Minute Order** [#62], filed August 11, 2008.) However, it does not appear that he also has withdrawn any individual capacity claim against defendant Gonzales. To the extent such a claim still exists, plaintiff should so specify in his amended complaint. In addition, any official capacity claim against the United States Attorney General should be modified in the amended complaint to name the current holder of that officer, Michael B. Mukasey. *See* **FED.R.CIV.P.** 25(d)(1).

Dated September 24, 2008, at Denver, Colorado.

BY THE COURT:

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**