IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-01855-PAB-KMT

RICHARD REID,

    Plaintiff,

v.

R. WILEY, Warden Federal Bureau of Prisons, et al.,

    Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya filed on April 14, 2009 [Docket No. 139]. The Recommendation states that objections to the Recommendation must be filed within ten days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on April 14, 2009. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, I have reviewed the Recommendation to

satisfy myself that there is "no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

   **ORDERED** as follows:

   1. The Recommendation of United States Magistrate Judge [Docket No. 139] is ACCEPTED.

   2. Defendants' Partial Motion to Dismiss Plaintiff's Amended Prisoner Complaint [Docket No. 101] is DENIED.

   DATED May 29, 2009.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).