IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01855-PAB-KMT

RICHARD REID,

    Plaintiff,

v.

MR. R. WILEY, Warden Federal Bureau of Prisons,
MR. M. MUKASEY, United States Attorney General, and
MR. H. WATTS, General Counsel Federal Bureau of Prisons,

    Defendants.

---

## ORDER

---

    This matter is before the court on Plaintiff's "Motion to Compel" ("Mot.Compel") [Doc. No. 142], "Plaintiff's Second Motion to Compel" ("2d Mot.Compel") [Doc. No. 158] and on "Defendants' Motion for an Order Protecting the Confidential Status of Documents Pursuant to the Protective Order" ("Mot.Prot.Ord.")[Doc. No. 163]. All motions are briefed and ripe for review and ruling.

*Procedural History*

    Following the filing of the Motion to Compel on April 20, 2009, Defendants filed their Response on May 14, 2009. ("Rsp.Mot.Compel") [Doc. No. 156.] Plaintiff thereafter filed his Second Motion to Compel on May 20, 2009 and Defendants responded on June 5, 2009.

("Rsp.2dMot.Compel") [Doc. No. 170.] In the interim, Defendants filed their Motion for Protective Order on May 26, 2009 and Plaintiff filed his response on June 5, 2009. ("Rsp.P.O.") [Doc. No. 174].

Plaintiff's allegations in both Motions to Compel are that the defendants have not fully responded to certain specified interrogatories and have not produced sufficient documentation. Plaintiff requests the court overrule defendants' specific and general objections to the propounded discovery and require the defendants to respond more fully to specified interrogatories and requests for production of documents.

The Motion for Protective Order concerns Defendants' designation of Plaintiff's incoming and outgoing correspondence as "confidential" pursuant to the operable Protective Order in this case. [See Doc. No. 125.]

### *Legal Standard*

Fed. R. Civ. P. 26(b) provides

(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

*Id.*

"[D]iscovery procedures in the Federal Rules of Civil Procedures seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 523 (D. Colo. 2003) (emphasis added). *See also Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 619 (D. Colo. 2007). "Limitations on the discovery process necessarily conflict with the 'the fundamental principle that 'the public . . . has a right to every man's evidence.'" *Simpson v. University of Colorado*, 220 F.R.D. 354, 356 (D. Colo. 2004) (quoting *Trammel v. United States*, 445 U.S. 40, 50 (1980)).

Fed. R. Civ. P. 26(c) further provides, ". . .[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." The Supreme Court has noted that a state rule patterned after Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36(1984); *see also Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 326 (10th Cir.1981) ( trade secrets). The court may, among other actions, forbid certain disclosure or discovery, specify terms for the disclosure or discovery, forbid inquiry into certain matters, or limit the scope of disclosure or discovery to discrete matters. Fed. R. Civ. P. 26(c)(1).

"[D]iscoverable information may include 'other incidents of the same type or involving the same product' or 'information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses.'" *Klesch & Co. Ltd.,* 217 F.R.D. at 524 (addressing motion to compel production of documents responsive to a subpoena). When the discovery

3

sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Id.* (citations omitted).

*Analysis*

*A.     Motion to Compel and Second Motion to Compel*

Plaintiff asserts that responses by the defendants were inadequate with respect to his First Set of Interrogatories numbered 2, 5, 6 and 10, to his Second Set of Interrogatories numbered 15, 17, 18, 19 and 20, and to his Third Set of Interrogatories number 25.  Plaintiff also requests that defendants be ordered to more fully respond to his First Request for Production of Documents number 9[1] and to his Third of Request for Production of Documents numbers 20 and 21.

In their Response to the Motion to Compel, Defendants state that in addition to the responses to which Plaintiff complains in his Motion, the defendants have produced "more than 7,000 pages of documents."  (Rsp.Mot.Compel at 1.)  The defendants further advise the court

---

[1]Plaintiff's handwritten Motion to Compel references a objection to "Request No 6" however, he then describes his request as, "the plaintiff requested that the defense provide him copies of all mail sent by or to him since his arrival at the A.D.X including mail rejected since June 2006 which would have overwise (sic) been given to him prior to that . . .". (Mot.Compel at 9.) This is actually the request that is contained in Plaintiff's Request for Production of Documents No. 9. (*Id.* at 51.) The defendants have responded to Request No. 9. (Resp.Mtn.Compel at 4.)  The Court will also treat Plaintiff's Motion to Compel to be directed at Request for Production No. 9.

that on May 13, 2009, they supplemented their original written interrogatory responses and productions.  (*Id.* at 1-2.)

### 1.     *Interrogatory Responses*

In reviewing "Defendants' First Supplemental Response to Plaintiffs First Set of Interrogatories" and "Defendants' First Supplemental Response to Plaintiff's Second Set of Interrogatories" (Rsp.Mot.Compel, Exh. A-2), the court notes that additional information was provided with respect to Interrogatories 2, 5, 6, 10, 18, 19 and 20. The plaintiff did not file a Reply to the defendants' Responses.  Therefore, based on the initial responses and the supplemental information contained in Exhibit A-2, the Court finds that these interrogatory responses appear complete and sufficient pursuant to the Rules and the Motion to Compel and the Second Motion to Compel are therefore moot as to these interrogatory responses.

The Defendants did not file supplemental information with respect to Interrogatories 15 and 17 of Plaintiff's Second Set of Interrogatories.  Interrogatory No. 15 inquires, "How many inmates who are convicted of terrorism are currently housed in the B.O.P. system in general and at the ADX in specific.  Please include all inmates with any form of terrorism related charges." Interrogatory No. 17 asks, "Provide the names and charges of which they [inmates convicted of terrorism] were convicted of all inmates housed in the ADX who were convicted of terrorism related charges and who are not subjected to S.A.M.s restriction."

Defendants have objected to these interrogatories as overbroad and not reasonably calculated to lead to the discovery of admissible evidence and that providing this information would violate the privacy interests of individuals who are not parties to this litigation.

(Mot.Compel at 31.)  Further, defendants objected that the request was not relevant to the issues raised in the Amended Complaint, in particular because the Court has dismissed the Plaintiff's equal protection claims.  (*Id*.)

I agree with the defendants that these interrogatories seek information about inmates who may be "similarly situated" to the plaintiff, an inquiry that is not relevant in light of the dismissal of plaintiff's equal protection claims.  The issue in this case is the constitutional validity of the S.A.M.s restrictions and particularly to the extent they were imposed on the plaintiff in light of his own anomalous characteristics.  Whether other inmates who suffer from 'terrorism' convictions might or might not be subject to S.A.M.s restrictions as well is completely irrelevant to this individualized inquiry.  Therefore, this information is not discoverable pursuant to Fed. R. Civ. P. 26.

In the Third Set of Interrogatories, Plaintiff's Interrogatory No. 25 requested, "State in detail what specialised (sic) information the plaintiff is supposed to be suspected of having which it is supposed feared may be passed on to al-Qaeda and used to harm this country if the S.A.Ms upon him were to be removed." [2d Mot.Compel at 20.] The defendants objected that the question was vague, ambiguous, and sought information which might be classified or subject to other law enforcement privileges.  However, the defendants nevertheless respond, "[d]efendants have not asserted that Plaintiff possesses 'specialized information' that could be passed to al Qaeda.  Rather, Defendants have asserted that Plaintiff has communicated with al Qaeda in the past and that he has specialized knowledge that would permit him to remain active in terrorist

6

activities and to conspire with those planning operations against United States interests." (*Id.* at 21.)

This court finds that this Interrogatory is vague and ambiguous and therefore sustains the defendants' objections thereto.

### *2.     Requests for Production of Documents*

Request for Production No. 9 states, "Provide a copy of all incoming and outgoing mail sent to or from Plaintiff since his time of arrest, including mail rejected after July 2006 which would have been allowed prior to that - i.e. which was sent by anyone other than the media." Request for Production No. 20 commands, "Provide copies of any records showing that plaintiff encourages his father or anyone else with whom he has contact on the outside world to contact the media for him." Request for Production No. 21 states, "Provide a transcript of all conversations between the plaintiff and his mother during her visit in October 2008."

Defendants supplemented their response to Request for Production No. 20 on June 5, 2009. (Rsp.2dMot.Compel, Exh. A-1.) The response specifies certain documents which were provided to the Plaintiff and which are responsive to the request. (*Id.*) The supplement concludes, "Defendants are not aware of any other documents that may be responsive to this request." Therefore, the Court considers this response complete and the Plaintiff's request now moot.

As to Request for Production No. 21, the defendants have fully responded to the request, stating, "There are no written transcripts of conversations that occurred during the October 2008 visit." (2d Mot.Compel at 4.)

7

The defendants set forth a number of objections to Request No. 9 and also stated that "correspondence authored by persons other than Plaintiff and that was rejected pursuant to the SAMs is referenced" in Defendants' privilege log. (Mot.Compel at 52.)  In spite of the objections, the defendants produced Plaintiff's correspondence from the time of his transfer to ADX on February 2, 2003.  The Plaintiff is clearly attempting to obtain through the use of civil discovery, what he has been denied as a result of the imposition of S.A.M.s in his case.  The contents of the letters authored by other persons are not relevant to the ultimate question before the court; namely whether the S.A.M.s imposed upon the Plaintiff were constitutional. Given the Plaintiff's history, there is no question that he presents significant security concerns.  Weighing the security concerns which must be considered with respect to the Plaintiff against the irrelevant nature of the material sought, the Court agrees that these documents should remain sealed from the Plaintiff.  Since they are catalogued on the defendants' privilege list, should the Court need to review the documents at some point in the litigation process, they are available for *in camera* review.

### B.     *Motion for Protective Order*

This Motion is a re-capitulation of the defendant's objections to Request for Production of Documents No. 9.  Defendants have marked as "confidential" all incoming and outgoing correspondence associated with the Plaintiff pursuant to the Protective Order entered by this Court on March 9, 2009.

Plaintiff first argues that since the defendants did not file a motion seeking court ratification of their confidentiality designation within ten days, the documents so designated should not be maintained as confidential. Paragraph 7 of the Protective Order provides,

> 7. Plaintiff may object to the "confidential" designation by giving written notice to Defendants. The written notice shall identify the document to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be designated as "confidential." If such a motion is timely filed, the disputed information shall be treated as "confidential" until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "confidential" under the terms of this Protective Order. In connection with a motion filed under this provision, the designating party shall bear the burden of establishing that good cause exists for the disputed information to be treated as "confidential."

Protective Order, Doc. No. 125, ¶ 7. Under the terms of the Protective Order, since the defendants did not file the appropriate motion as noted, the documents lost their confidential designation. However, the documents were confiscated by the defendants pursuant to the S.A.M.s measures imposed against the Plaintiff for reasons of national security. Given that fact, the documents were not available to any person to file in any public forum in any event.

Pursuant to D.C.COLO.LCivR 30.2, "[t]he filing of a motion under either of these rules [Fed. R. Civ. P. 26(c) or 30(d)] shall stay the discovery to which the motion is directed until further order of the court." Therefore, the documents are still to be treated as 'sealed' until resolution of this motion.

The Plaintiff, in his response, has not set forth any specific piece of correspondence which he wishes to be able to use in this litigation without filing under seal. He states rather that

> [M]ost of the materials objected to are ones that were cleared by the F.B.I. to go to those to which they were addressed as such it can not be claimed that allowing the public access to these materials could lead to acts of violence and so forth as the whole perpose (sic) of the F.B.I.s reading the plaintiffs (sic) mail is to make sure that he does not try to encourage such and therefore once it is cleared it is understood that no such threat was found in that said mail.

(Rsp.P.O. at 3.)  Never, in any portion of his response, does Plaintiff state why filing correspondence subject to S.A.M.s restrictions under seal as provided for in the Protective Order would prejudice him in any way or manner.  As noted, this court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co.*, 467 U.S. at 36.  Given the national security concerns which surround this Plaintiff, marking Plaintiff's correspondence as confidential pursuant to the Protective Order and requiring the parties to file any such correspondence under seal is a very minimal burden upon the parties.  Such a procedure will allow the court to review the documents in the first instance to balance the right and need of the public for access to this correspondence against legitimate national security interests.

Wherefore, it is **ORDERED**:

1. Plaintiff's "Motion to Compel" [Doc. No. 142] is **DENIED**.

2. "Plaintiff's Second Motion to Compel" [Doc. No. 158] is **DENIED**.

3.   "Defendants' Motion for an Order Protecting the Confidential Status of Documents Pursuant to the Protective Order" [Doc. No. 163] is **GRANTED**.

Dated this 16th day of June, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge