IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07–cv–01855–PAB–KMT

RICHARD REID,

    Plaintiff,

v.

MR. R. WILEY, Warden, Federal Bureau of Prisons,
MR. M. MUKASEY, United States Attorney General, and
MR. H. WATTS, General Counsel, Federal Bureau of Prisons,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves a claim that Defendants violated Plaintiff's First Amendment rights in imposing Special Administrative Measures ("SAMs") on him. This matter is before the court on "Defendants' Motion to Dismiss Plaintiff's Claims as Moot" (Doc. No. 101) filed November 13, 2009.

## PROCEDURAL HISTORY

On September 24, 2008, Judge Robert E. Blackburn entered an order adopting in part the recommendation of this court, dismissing with prejudice Plaintiff's claims based on due process and equal protection under the Fifth Amendment and cruel and unusual punishment under the Eighth Amendment. (Doc. No. 74 at 3.) Judge Blackburn directed the plaintiff to file an amended complaint to assert his First Amendment claim. (*Id.* at 2.) On October 22, 2008, this

case was reassigned to Judge Philip A. Brimmer. (Doc. No. 92.) Plaintiff filed his Amended Prisoner Complaint on November 14, 2008, asserting claims that the defendants violated his First Amendment rights to free exercise of religion and free speech. (Am. Prisoner Compl. [hereinafter "Compl."].) On May 29, 2009, Judge Philip A. Brimmer entered an order accepting the recommendation of this court that Defendants' motion to dismiss Plaintiff's free exercise claim be denied. (Doc. No. 167 at 2.)

Defendants filed the present motion to dismiss on November 30, 2009. (Defs.' Mot. to Dismiss Pl.'s Claims as Moot [hereinafter "Mot."].) Plaintiff filed his response on November 23, 2009. (Pl.'s Resp. to and Req. for Denial of Defs.' Mot. to Dismiss as Moot [hereinafter "Resp."].) Defendants filed their reply on December 8, 2009. (Defs.' Reply in Supp. of Mot. to Dismiss Pl.'s Claims as Moot [hereinafter "Reply"].) This matter is ripe for review and recommendation.

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Prisoner Amended Complaint and the parties' submissions with respect to this Recommendation. Plaintiff Richard Reid has named as Defendants Mr. Ronald Wiley, the warden of the United States Penitentiary - Administrative Maximum ("ADX") in Florence, Colorado; Mr. M. Mukasey, the former United States Attorney General; and Mr. Harrell Watts, General Counsel of the Federal Bureau of Prisons ("BOP"). (Compl. at 1–2.)

On December 22, 2001, Plaintiff unsuccessfully tried to destroy American Airlines Flight 63 over the Atlantic Ocean by detonating explosives hidden in his shoes. (Def's Partial Mot. to

Dismiss Pl.'s Am. Prisoner Compl. at 2 [hereinafter "Mot. to Dismiss"] [filed December 1, 2008]; *see United States v. Reid*, 369 F.3d 619, 620 (1st Cir. 2004)).[1] Plaintiff pleaded guilty to eight terrorism-related offenses. (*Id.*) On January 30, 2003, he was sentenced to life in prison. (*Id.* at 3.) Plaintiff has been incarcerated in ADX since February 2003. (Compl. at 3.) Plaintiff asserts that Defendants have violated his First Amendment rights by imposing SAMs restrictions on him that prevent him from following the tenets of his Muslim religion. (*Id.* at 5.) Plaintiff further asserts that Defendants have violated his First Amendment right of access to information. (*Id.* at 6–7.)

SAMs are special restrictions that may be imposed where determined to be "reasonably necessary to protect persons against the risk of death or serious bodily injury." 28 C.F.R. § 501.3(a) (2008). SAMs may include housing the inmate in administrative detention and/or limiting certain privileges, including, but not limited to, correspondence, visiting, interviews with representatives of the news media, and use of the telephone, as is reasonably necessary to protect persons against the risk of acts of violence or terrorism. *Id.* SAMs can be imposed initially for only one year, but may be extended upon a sufficient showing of danger. § 501.3(c). In his Amended Complaint, Plaintiff states SAMs restrictions were imposed upon his arrival at ADX in February 2003, and they have been renewed on a yearly basis. (Compl. at 3.)

---

[1] The court may take judicial notice of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. The court will take judicial notice of Plaintiff's conviction as a public record. *See United States v. Rodriguez-Chavez*, 153 Fed. Appx. 524, 528 (10th Cir. 2005).

On June 17, 2009, Plaintiff's SAMs were not renewed. (*See* Mot. to Dismiss, Ex. A-1.) On August 14, 2009, Plaintiff was moved from the Special Security Unit, or "H-Unit," where SAMs inmates are incarcerated, to a General Population Unit at ADX. (Mot. to Dismiss, Ex. A-6, Decl. of Mark Collins, ¶ 14 [hereinafter "Collins Decl."].) Plaintiff's move from H Unit to D Unit was accompanied by immediate changes in the conditions of his confinement, including conditions attendant on the removal of the SAMs, such as increased cell space with an in-cell shower; increased access to recreation and commissary items; and the opportunity to complete a Step-Down Unit program directed to eventual transfer to a different institution. (*See id.*, ¶¶ 13–18.)

Due to the lifting of Plaintiff's SAMs restrictions, Defendants have filed the present Motion to Dismiss Plaintiff's claims as moot. Specifically, Defendants argue (1) Plaintiff's case is moot because Plaintiff's SAMs have been lifted; and (2) any challenge to Plaintiff's current communications restrictions must be raised only following exhaustion of Plaintiff's administrative remedies. (Mot to Dismiss at 8–11.)

## STANDARD OF REVIEW

1. **Pro Se *Plaintiff***

Richard Reid is proceeding *pro se*. Therefore, the court reviews his Complaint liberally and holds it to a less stringent standard than those drafted by attorneys. *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations

4

without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

*2.    Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## ANALYSIS

*A.     Mootness*

Defendants assert Plaintiff's case is moot because the SAMs—the crux of Plaintiff's legal challenge—have been lifted.  (Mot. to Dismiss at 8–10.)  This Court has no jurisdiction to consider moot cases in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation omitted).  A claim may become moot at any point in the controversy and deprive the Court of authority to decide questions which had previously been at issue. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990).  In this way, "a case may be rendered moot (and, therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual relief." *Me. Sch. Admin. Dist. No. 35 v. Mr. & Mrs. R.*, 321 F.3d 9, 17 (1st Cir. 2003).

Injunctive relief can only be obtained for current or prospective injury and cannot be conditioned on a past injury that has already been remedied. *See Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1155 n.6 (10th Cir.2005) (quoting *San Diego County Gun Rights Comm'n v. Reno*, 98 F.3d 1121, 1126 (9th Cir.1996) ("Because plaintiffs seek declaratory and injunctive relief only . . . it is insufficient for them to demonstrate only a past injury")).

Plaintiff seeks the following injunctive relief:

> I request that the defendants . . . be ordered to uphold those constitutional rights which they currently deny . . . and that he be given the same access to media sources and educational materials as is given to other inmates at the ADX and be allowed to write to family and friends other than immediate family and to enroll in correspondence courses and take part in group prayer, and that a program for his removal from the ADX be set up and the S.A.M.s upon him be removed or rewriten [sic] . . . .

(Compl. at 9.)

### i. *Doctrine of Voluntary Cessation*

Plaintiff opposes the Motion to Dismiss, asserting he may be subject to SAMs at some indeterminate point in the future because he is a "'terrorist' who proclaimed his allegiance to al-Qaeda in court and declared himself to be at war with the United States." (Resp. at 3, 5.) This argument, that the doctrine of voluntary cessation applies, is the same argument made by a former SAMs inmate, Matthew Hale, whose SAMs were not renewed and whose claims were found to be moot by District Judge Philip A. Brimmer. *See Hale v. Ashcroft*, No. 06-cv-00541-PAB-KLM, 2009 WL 2601312 (D. Colo. Aug. 19, 2009). Defendants reply that "Plaintiff's assessment of the odds that he will be subject to new SAMs in the future, unsupported by any specific facts, does not show that his claims challenging the former SAMs are moot." (Reply at

2.) Defendants argue that any new determination to again impose SAMs on Plaintiff would be based on a highly fact specific assessment of Plaintiff's conduct; Plaintiff's conduct would have to be sufficiently severe to meet the high standard for imposition of SAMs set forth in 28 C.F.R. § 501.3(a). (*Id.* at 3.) As such, "review of future instances of wrongful behavior may be quite different [from] the complained-of example that already has ceased." *Unified School Dist. No. 259, Sedgwick County, Kan. v. Disability Rights Center*, 491 F.3d 1143, 1150 (10th Cir. 2007). Therefore, as the SAMs placed on Plaintiff have been removed, Plaintiff lacks a "particularized, concrete stake" that would be affected by resolution of his claims, *Lewis*, 494 U.S. at 479, rendering Plaintiff's claims moot.

### ii.     *Ongoing and/or New Restrictions*

While Plaintiff does not dispute that most of the SAMs restrictions have been lifted, he argues instead that his claims are not moot because he remains subject to some non-SAMs communications restrictions. (Resp.) Specifically, Plaintiff maintains he is unable to practice in group prayer due to security concerns that apply to all ADX inmates. (*Id.* at 2.) Plaintiff also alleges he is still being prevented from studying his religion in a sufficient manner because the ADX does not allow any inmates access to Arabic language courses. (*Id.* at 2, 4.) Finally, Plaintiff contends he is still unable to write anyone but his immediate family and two aunts and that he has not received mail denied to him while the SAMs were implemented. (*Id.* at 6.)

In the "Nature of the Case" section of Plaintiff's Amended Complaint, Plaintiff states he was put under SAMs restrictions prior to his incarceration at ADX and that while at ADX the SAMs restrictions were continued. (Compl. at 3.) In Claim One, Plaintiff states that "[s]ince his

arrival at the ADX the plaintiff . . . as been subjected to SAM's [sic] and other restrictions which prevent him from following the tenets of his religion because (1) he has been prevented from taking part in daily and weekly prayers as required by his religion; and (2) he has been prevented from sufficiently studying the tenets of his religion by being prevented from taking part in correspondence courses, being denied access to religious materials, and having any book orders subjected to excessive delay or rejection. (*Id.* at 5.) Plaintiff then states that

> [t]hese restrictions have existed since the SAM's [sic] were implemented . . . in May 2002 and have been upheld by B.O.P. General Counsel and implemented by the warden at the A.D.X. since February 2003, although prior to June 2006 the SAMs allowed me to partake in correspondence courses and the prevention of that was on the behalf of the warden at the ADX and B.O.P. General Counsel only.

(*Id.*)

In Claim Two, Plaintiff alleges "[i]n May 2002 . . . S.A.M.'s restrictions [were placed] upon the plaintiff" and were first enforced by the U.S. Marshal Service until Plaintiff's transfer to ADX in February 2003, where the restrictions were enforced by the warden of ADX. (*Id.* at 6.) Plaintiff alleges that the restrictions (1) deny him access to news media and television and radio broadcasts; (2) prevent him from ordering books, catalogs, and magazines without clearance by the FBI; (3) deny him access to religious services and materials; (4) deny him phone contact with anyone other than his lawyer, the British Consulate, and his immediate family and, since 2006, deny him from writing to anyone other these people, two of his aunts, and certain government agencies; (5) deny him access to higher education via correspondence courses. (*Id.* at 4, 6–7.)

From a review of Plaintiff's Amended Complaint, it is clear that Plaintiff's claims "explicitly tie the alleged constitutional violation[s] to the imposition of the SAMs." *Hale v.*

9

*Ashcroft*, No. 06-cv-00541-PAB-KLM, 2009 WL 2601312, at *2 (D. Colo. Aug. 19, 2009). Plaintiff's allegations put the defendants on notice that Plaintiff was challenging the SAMs that imposed certain restrictions on his constitutional rights. (*Id.*) The SAMs restrictions that formerly applied to Plaintiff differ markedly in origination, purpose and scope from the general restrictions now placed on Plaintiff in the General Population at ADX. (*See* Mot. to Dismiss at 6–7, table comparing new restrictions to SAMs restrictions.) The former SAMs regulated every aspect of Plaintiff's communications: those initiated by him and directed outside the institution; those initiated by persons outside the institution and directed to him; and communications internal to the institution, i.e., communications between Plaintiff and other inmates. (*See* Mot. to Dismiss, Ex. A-5, copy of Plaintiff's former SAMs.) Plaintiff now attempts to transform the nature of the pending lawsuit to challenge different restrictions than the SAMs because the new restrictions have the same effect as the SAMs. However, "[t]he fact that the SAMs were not renewed and therefore lifted has changed the factual and legal posture of this case." *Hale*, 2009 WL 2601312, at *3. "The restrictions that remain on plaintiff were imposed by the BOP (as opposed to the BOP acting at the direction of the Attorney General) pursuant to a different regulatory authority." *Id.* (citing 28 C.F.R. § 540.15 and 28 C.F.R. § 540.18).

      Moreover, Plaintiff admits that he has not fully exhausted his administrative remedies concerning new and/or currently-imposed restrictions. (Resp. at 2, 6.) It is well-established that the Prison Litigation Reform Act requires exhaustion of every inmate grievance relating to prison conditions before a court may hear the grievance. *See* 42 U.S.C. § 1997e(a). Assuming Plaintiff exhausts his administrative remedies, he retains the right to challenge the new restrictions.

However, as Plaintiff's Amended Complaint is directed specifically to the SAMs restrictions that have been removed and to certain individuals alleged to have imposed the SAMs, Plaintiff may not challenge the new restrictions by that vehicle.  *See Hale*, 2009 WL 2601312, at *3.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendants' Motion to Dismiss Plaintiff's Claims as Moot" (Doc. No. 190) filed be GRANTED, and that Plaintiff's case be dismissed without prejudice for lack of jurisdiction.  *See Craig v. U.S.*, 430 Fed. App'x 471, 475 (10th Cir. 2009).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir.

1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 26th day of January, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge