IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-01855-PAB-KMT

RICHARD REID,

    Plaintiff,

v.

R. WILEY, Warden, Federal Bureau of Prisons,
M. MUKASEY, United States Attorney General, and
H. WATTS, General Counsel, Federal Bureau of Prisons,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE**
_____

This matter is before the Court on the recommendation of United States Magistrate Judge Kathleen M. Tafoya filed on January 26, 2010 [Docket No. 198] ("the Recommendation"). The Recommendation concludes that the plaintiff's claims are moot and, therefore, recommends that the Court grant defendants' motion to dismiss for lack of subject-matter jurisdiction [Docket No. 190]. On February 4, 2010, plaintiff filed an objection [Docket No. 200] to the Recommendation. Defendants filed a response [Docket No. 201] to the objections and a supplement [Docket No. 202] to that response. Where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the recommendation de novo. Fed. R. Civ. P. 72(b).

Plaintiff, a prisoner at the United States Penitentiary – Administrative Maximum facility ("ADX") in Colorado, filed his complaint in order to challenge several restrictions

that had been placed on him through Special Administrative Measures or "SAMs." During the pendency of this case, plaintiff was transferred to a less restrictive unit at ADX and prison officials declined to renew the challenged SAMs. As a result, those specific restrictions no longer apply to plaintiff. Based on this fact, defendants seek dismissal of plaintiff's claims as moot. Plaintiff responds that, although the SAMs are no longer in place, other regulations and orders have perpetuated the same or similar restrictions. Defendants rejoin that, to the extent that plaintiff seeks to challenge newly imposed restrictions, which are based on entirely different rules and orders, he must first exhaust his administrative remedies, then file a new civil case. The magistrate judge largely agreed with the defendants' position and, upon de novo review, so does the Court.

Because the SAMs no longer apply, plaintiff's sought relief – the injunction of those SAMs – would be of no consequence. As a result, plaintiff's claims, all of which challenge the continued implementation of those SAMs, are moot. *Cf. Unified Sch. Dist. No. 259 v. Disability Rights Ctr. of Kan.*, 491 F.3d 1143, 1150 (10th Cir. 2007) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." (quoting *N.M. Env't Dep't v. Foulston (In re L.F. Jennings Oil Co.)*, 4 F.3d 887, 889 (10th Cir. 1993))).

Irrespective of the similarity between the previous restrictions and the new ones, the new restrictions plaintiff faces come from a different set of rules. Defendants are entitled to the benefit of the administrative exhaustion requirements that federal law provides. Therefore, in order to challenge these rules, plaintiff may not short-cut the process by coming directly to this Court.

Finally, while plaintiff argues that his case falls into the category of cases which are excepted from mootness-based dismissal because the dispute is capable of repetition yet evading review, the Court disagrees. *See City of Herriman v. Bell*, 590 F.3d 1176, 1181-82 (10th Cir. 2010) (discussing the exception). "This exception to mootness applies where (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *City of Herriman*, 590 F.3d at 1181 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)) (quotation marks and alteration marks omitted).

Plaintiff's claims do not meet this standard. "The second prong of the 'capable of repetition' exception requires a 'reasonable expectation' or a 'demonstrated probability' that 'the same controversy will recur involving the same complaining party.'" *City of Herriman*, 590 F.3d at 1181 (quoting *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 463 (2007). Presently, there is no reason to believe that the same controversy will recur involving the same complaining party. Plaintiff believes that the nature of his crimes make it likely that he will face the SAMs again in the near future. However, there is no evidence presently before the Court that demonstrates that the defendants engage in such reversion. Plaintiff's transfer out of a higher security unit appears to indicate otherwise. Therefore, because the Court finds no "reasonable expectation" or "demonstrated probability" that this controversy will arise again, plaintiff has not satisfied the exception to mootness and his case must be dismissed.

The one topic which the magistrate judge did not address in detail, and which the Court believes deserves additional note, is plaintiff's claim seeking the delivery of mail

3

that was withheld under the SAMs. Plaintiff contends that his claim is not moot because the prison continues to withhold certain mail even after the SAMs have expired. Defendants have made clear that the mail in question is not being withheld under the provisions of the SAMs. Once the SAMs expired, those restrictions had no ongoing effect. Instead, to the extent that plaintiff's mail is being withheld presently, it is being withheld pursuant to the new set of rules and orders that apply to plaintiff. Therefore, similar to the other new restrictions on plaintiff, the exhaustion rules and the need for a new civil action apply to plaintiff's claim regarding his mail.

Accordingly, upon de novo review of defendants' motion to dismiss, the briefs surrounding the motion, the Recommendation, plaintiff's objection, and defendants' response, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 198] is ACCEPTED as supplemented above. Defendants' motion to dismiss plaintiff's claims as moot [Docket No. 190] is GRANTED. Plaintiff's claims are dismissed without prejudice as moot. It is further

**ORDERED** that plaintiff's partial objection [Docket No. 183] to the magistrate judge order [Docket No. 178] is DENIED as moot. It is further

**ORDERED** that the Clerk of the Court shall forthwith enter judgment in favor of defendants Wiley, Mukasey, and Watts and against plaintiff Richard Reid on all of plaintiff's claims.

DATED September 17, 2010.

                                          BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge